IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CV-300-FL

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| TRANSPORTATION; JAMES H. ) | |
| TROGDON III, SECRETARY, NCDOT; ) | |
| FEDERAL HIGHWAY ) ORDER | |
| ADMINISTRATION; JOHN F. ) | |
| SULLIVAN, DIVISION ) | |
| ADMINISTRATOR, FHWA; U.S. FISH ) | |
| AND WILDLIFE SERVICE; and PETE ) | |
| BENJAMIN, FIELD SUPERVISOR, ) | |
| USFWS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on motion of defendants North Carolina Department of Transportation ("NCDOT") and James H. Trogdon III, Secretary of NCDOT (collectively, "state defendants"), pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, to alter or amend the court's order granting attorneys' fees to plaintiff pursuant to Section 11(g)(4) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(4). (DE 60). In this posture, the issues raised have been fully briefed and are ripe for adjudication. For reasons noted, the motion is granted.

**BACKGROUND**

Plaintiff initiated this action December 29, 2016, seeking review of decision by defendants Federal Highway Administration ("FHWA") and NCDOT to authorize, fund, seek permits for, and otherwise advance construction of the U.S. 70 Havelock Bypass ("Bypass") in Craven County,

North Carolina.  Plaintiff alleges "[c]onstruction of the highway would destroy 240 acres of national-forest land, and fracture rare and valuable forest habitat into isolated patches" and "[t]hat essential habitat supports numerous rare and imperiled species of plants and wildlife, including the endangered red-cockaded woodpecker."  (Compl. (DE 1) ¶ 2; Am. Compl. (DE 25 ¶ 2)).  Plaintiff sought review of record of decision approving the Bypass and environmental impact statement prepared in support thereof, pursuant to the National Environmental Policy Act, 42 U.S.C. § 4331, et seq. ("NEPA") as well as Section 4(f) of the Department of Transportation Act ("Section 4(f)"), 23 U.S.C. § 138.

Plaintiff amended the complaint as of right March 20, 2017, asserting in claim one that all defendants violated Section 4(f) and in claims two through four that all defendants violated NEPA.[1] In amending the complaint, plaintiff added ESA claims five through seven against FHWA and U.S. Fish and Wildlife Service ("FWS") (collectively, "federal defendants").[2]  Corresponding with plaintiff's claims, in the prayer for relief, plaintiff requested declaratory judgment be issued against FHWA and NCDOT, stating these defendants violated NEPA and Section 4(f), and declaratory judgement be issued against federal defendants, stating these defendants violated the ESA.  Finally, plaintiff requested the court to enter preliminary and permanent injunctive relief to ensure that "Defendants comply with NEPA, the ESA, Section 4(f), and their implementing regulations," as well as award plaintiff the costs of this action, including reasonable attorneys' fees.  (Am. Compl. (DE 25) at 33-34).

Defendants answered the amended complaint and the parties filed a Rule 26(f) joint report

---

[1] On its Section 4(f) and NEPA claims, plaintiff proceeds under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq.

[2] Federal defendants additionally include defendants John F. Sullivan, FHWA division administrator and Pete Benjamin, FWS field supervisor.

2

and plan, which plan the court largely adopted as its own in case management order issued April 12, 2017. Over the following year, the parties engaged in settlement negotiations and sought various extensions to the case management order to accommodate same.

On April 30, 2018, the parties filed joint motion to amend scheduling order, informing the court that settlement negotiations were fruitful and resulted in a settlement agreement that would resolve all claims. The settlement agreement requires NCDOT to transfer $7,300,000.00 to the North Carolina Coastal Legal Trust to establish the Croatan Protection Fund and to establish a revolving loan fund. (DE 53-5 § 1). Additionally, the settlement agreement imposes upon NCDOT a number of requirements pertaining to construction methods for the Bypass and requires NCDOT to cooperate with nonparty United States Forest Service ("USFS") road closure requests to effect USFS prescribed burn plans. (Id. § 2). The settlement agreement imposed no requirements on federal defendants, but federal defendants issued two letters to facilitate settlement. (See DE 53-2; DE 53-3).

In the parties' joint motion to amend scheduling order, the parties additionally informed the court as follows:

> The parties have been in ongoing discussions regarding the attorneys' fees that Plaintiff asserts it is entitled to under the Endangered Species Act. 16 U.S.C. § 1540(g)(4). If the parties are unable to reach a resolution on this issue, Plaintiff will ask the court to retain jurisdiction for this purpose and will file a Motion for Attorneys' Fees and Costs no later than May 18, 2018. Federal Defendants will respond to this Motion by June 8, 2018, and Plaintiff will file any reply by June 22, 2018 . . . . Federal Defendants do not intend to contest Plaintiff's entitlement to attorneys' fees on the basis that Plaintiff's claims were frivolous and hereby stipulate that, for the purpose of assessing entitlement to attorneys' fees, Plaintiff's claims under the Endangered Species Act were not frivolous.

(DE 45 at 3-4).

Thereafter, the court granted the parties' joint motion, entering amended scheduling order

3

for briefing on plaintiff's motion for attorneys' fees consistent with the deadlines proposed by the parties. (See DE 46). On May 18, 2018, the court granted plaintiff's motion for extension of time to file motion for attorneys' fees.

On May 25, 2018, the court granted plaintiff's motion for voluntary dismissal with prejudice while retaining jurisdiction to adjudicate plaintiff's motion for attorneys' fees. That same day plaintiff filed timely motion for attorneys' fees, stating as follows:

> Plaintiff Sierra Club moves this Court for an award of attorneys' fees and expenses pursuant to Section 11(g)(4) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(4). Plaintiff respectfully files this Memorandum in support of its Motion for a Fees Award and Expenses incurred in the successful prosecution of claims under the ESA against Defendants U.S. Federal Highway Administration ("FHWA") and the U.S. Fish and Wildlife Service ("USFWS").

(DE 53 at 1). Plaintiff further stated that it "is entitled to recover the costs associated with the three claims it brought pursuant to the ESA," seeking compensation for 600.6 hours with hourly rates for the relevant attorneys calculated at either $250.00 or $200.00, for a total attorneys' fees and costs sought at $138,620.00. (Id. at 7). Federal defendants filed timely response in opposition, arguing in part that plaintiff's time billed should be reduced by 80% to account for the lack of success and time spent on non-ESA claims or litigating against other defendants. (See DE 57 at 19-26).

On October 12, 2018, the court issued order, granting in part and denying in part plaintiff's motion for attorneys' fees. The court analyzed the motion under the ESA, as follows:

> Where, as here, a fee-shifting statute allows award of attorney fees "whenever appropriate[,]" courts in the Fourth Circuit apply the "catalyst theory," which holds that "parties who obtain, through settlement or otherwise, substantial relief prior to adjudication on the merits may be eligible for attorney fees . . . ." Ohio River Valley Envtl. Coalition, Inc. v. Green Valley Coal Co., 511 F.3d 407, 414 (4th Cir. 2007). "Catalyst recovery" requires the movant to establish three elements, namely, that movant obtained some of the benefit sought, that its claims were not frivolous, and that its actions caused the benefit obtained. Id. at 415.

(DE 59 at 8).

The court determined the relevant inquiry hinged on whether plaintiff obtained "some of the benefit sought," holding that "plaintiff obtained relief through settlement that promotes preservation of the red-cockaded woodpecker and its habitat; therefore, a fee award is appropriate." (Id. at 9 (citing West Virginia Highlands Conservancy, Inc. v. Norton, 343 F.3d 239, 246 (4th Cir. 2003) (interpreting similar fee provision under different statute and holding attorneys' fees are available to "partially prevailing parties where the action served to promote the purposes of the act" under which attorneys' fees are sought)). The court found that $133,095.00 of plaintiff's requested amount reasonable, holding with regard to allocation as follows:

> Accordingly, while the settlement agreement comprises the bulk of relief plaintiff obtained in settlement, federal defendant's [sic] letters also confer benefits that support award of attorney fees. Namely, where federal defendants' commitments to conduct prescribed burns and update documents in light of new information previously were ambiguous at best, plaintiff's actions caused federal defendants to solidify those commitments. For this reason, in its discretion and as they request, federal defendants shall be liable for 20 percent of the award granted under this order, while state defendants shall be liable for the remainder.

(DE 59 at 11). Accordingly, the court awarded $106,476.00 against state defendants and $26,619.00 against federal defendants.

On November 6, 2018, state defendants filed the instant motion to alter or amend the court's October 12, 2018 order granting attorneys' fees, or, in the alternative, to grant state defendants relief from the order, arguing that the court made a clear error of law awarding fees against state defendants in that 1) plaintiff moved for fees only pursuant to ESA but made no ESA claims against state defendants nor sought fees against state defendants and 2) the Eleventh Amendment bars an ESA action against state defendants. Plaintiff filed response in opposition to which state defendants

filed reply.³

**DISCUSSION**

A.  Standard of Review

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.1993). "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir.2007).

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding" for multiple reasons including mistake or because the judgment is void. Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings. Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Rule 60(b)'s six enumerated grounds for relief include: (1)

---

³ Federal defendants also filed response to state defendants' motion, stating "Federal Defendants take no position regarding State Defendants' motion so long as any alteration of the Court's order does not impact the 20 percent originally apportioned to Federal Defendants." (DE 63 at 3).

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge of a judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

B.   Analysis

The relief sought by state defendants is the type suitable for consideration under Rule 59(e). Plaintiff did not bring ESA claims against state defendants and did not seek attorneys' fees from state defendants in plaintiff's motion. This is evidenced by plaintiff's amended complaint and the parties' agreement, which the court adopted, that only federal defendants, not state defendants, would respond in briefing in opposition to plaintiff's motion for attorneys' fees. That the court on its own initiative awarded fees against state defendants in this action was a mistake which the court herein corrects.

The Fourth Circuit's holding in Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998) is instructive. There, the Fourth Circuit upheld the district court's order reversing its previous judgment where the district court "considered American National's FELA argument and ultimately . . . entered judgment in favor of American National in the absence of any motion by American National requesting relief." Likewise here, reversal is appropriate where this court, on its own initiative, awarded fees against state defendants pursuant to the ESA where plaintiff brought no ESA claims against state defendants and sought no ESA-based attorneys' fees from state defendants. See id. at 403 ("Thus, [Rule 59(e)] permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'") (citation omitted).

Plaintiff argues it is entitled to attorneys' fees arising from ESA claims in connection to state defendants' conduct because plaintiff brought claims against state defendants under ESA. However,

7

as stated above, plaintiff originally filed suit pursuant to NEPA and Section 4(f) and thereafter filed amended complaint, including claims under ESA. Plaintiff's amended complaint makes clear that these ESA claims were brought against federal defendants only. (See Am. Compl. (DE 25) at 30 (fifth claim for relief: "FHWA violated the ESA when it arbitrarily failed to formally consult with USFWS regarding the Bypass's likely impacts on the red-cockaded woodpecker"); 31 (sixth claim for relief: "FHWA violated the ESA when it failed to insure that the Bypass is not likely to jeopardize the continued existence of the red-cockaded woodpecker"); 32 (seventh claim for relief: "USFWS violated the ESA and the APA when it arbitrarily concurred in NCDOT's determination that the Bypass is not likely to adversely affect the red-cockaded woodpecker")).

It is not material to this analysis that plaintiff included a general request for preliminary and permanent injunctive relief in plaintiff's prayer for relief against all defendants to ensure that defendants comply with "NEPA, the ESA, Section 4(f), and their implementing regulations." (Am. Compl. (DE 25) at 33-34); see also Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002) ("Although Rule 8(a)(3) of the civil rules requires that a complaint contain 'a demand for judgment for the relief the pleader seeks,' the demand is not itself a part of the plaintiff's claim . . . .") (citation omitted). Additionally, it is undisputed that plaintiff at no point sought attorneys' fees under ESA against state defendants. (See DE 45, DE 52, DE 53, DE 58).[4]

The ESA provides that "[t]he court, in issuing any final order in any suit <u>brought pursuant to</u> [the citizen suit provision of the ESA], may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4) (emphasis added). Plaintiff's arguments that "State

---

[4] The court previously held in its October 12, 2018 order that federal defendants argued in briefing in opposition to plaintiff's motion for attorneys' fees that "if some fee award is appropriate, state defendants should be liable for such award," in whole or part. (DE 59 at 10). This holding was in error. Federal defendants did not so argue. (See DE 57 at 19 ("the Court should reduce the total time billed by Plaintiff by 80%")).

8

Defendants' conduct was bound by the ESA," that "State Defendants' failure to properly maintain the forest habitat of the endangered red-cockaded woodpecker would have resulted in a 'taking' of that species expressly forbidden by the ESA," and "State Defendants rather than Federal Defendants initiated the unwise and illegal series of actions that brought about the litigation before this court," (DE 62 at 10-11), are unavailing. That state defendants' actions may be regulated by the ESA or that plaintiff could have brought claims against state defendants under the ESA does not mean that plaintiff in fact brought claims against state defendants under the ESA, sought attorneys' fees against state defendants under ESA, and thus are entitled to attorneys' fees under ESA against state defendants. Plaintiff cites no authority, and the court is aware of none, that allows imposition of liability for attorneys' fees pursuant to the ESA upon a party against whom no ESA claims were filed nor from whom ESA-based attorneys' fees were sought.[5] It cannot be disputed that plaintiff did not seek attorneys' fees from state defendants, and the court declines to award that which was not sought.[6]

On its own initiative, the court has reviewed its calculation that $133,095.00 of plaintiff's requested amount for attorneys' fees and costs is reasonable and that federal defendants are responsible for 20% or $26,619.00 of that total, finding no error in its holding. The court adheres to its prior determination that 80% reduction is warranted where, as previously held by the court, "the settlement agreement with state defendants, which imposes significant monetary liability and definite requirements regarding construction methods and prescribed burning, constitutes the main

---

[5] Given the court's holding above, it is unnecessary to address the parties' arguments as to whether the Eleventh Amendment bars an ESA action against state defendants.

[6] The court additionally notes plaintiff's briefing regarding plaintiff's motion for attorneys' fees also belies plaintiff's current position that plaintiff is entitled to attorneys' fees from state defendants under the ESA. (See, e.g., DE 58 at 9 ("Sierra Club has already made substantial reductions to account for time spent on non-ESA claims," in that "Sierra Club did not include time spent drafting NEPA claims in its original complaint, did not include time spent on NEPA-related research, and reduced its hours spent on settlement negotiations by half")).

relief plaintiff obtained in this action" and where federal defendants' letters conferred benefits that support award, albeit it more limited, in that "where federal defendants' commitments to conduct prescribed burns and update documents in light of new information previously were ambiguous at best, plaintiff's actions caused federal defendants to solidify those commitments." (DE 59 at 10-11); see also Jones v. Southpeak Interactive Corp. of Delaware, 777 F.3d 658, 677 (4th Cir. 2015) ("The proposition that district courts have discretion over the proper allocation of a fee award among multiple defendants is widely recognized. Options available to a court may include: dividing the award equally among the defendants; apportioning the award according to the defendants' relative culpability . . . .") (citations omitted). The court specifically incorporates by reference the court's previous analysis found in the court's October 12, 2018 order except for those portions the court has herein found in error.[7]

Accordingly, the court vacates its previous order awarding plaintiff $106,476.00 against state defendants but affirms its previous order awarding to plaintiff $26,619.00 against federal defendants.

## CONCLUSION

For reasons noted, state defendants' motion to alter judgment (DE 60) is GRANTED. The court vacates its October 12, 2018 order. In its place, for the reasons set forth herein, plaintiff's motion for fee award and expenses pursuant to Section 11(g)(4) of the ESA (DE 52) is GRANTED IN PART AND DENIED IN PART. Plaintiff is AWARDED $26,619.00 against federal defendants.

SO ORDERED, this the 25th day of January, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[7] As stated above, the court held in error that federal defendants argued that state defendants should be liable for some or all of attorneys' fees, (DE 59 at 10), and that state defendant should be liable for 80% of the attorneys' fees granted, (id. at 11, 14).